IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY HILDEBRAND,

    Plaintiff,                                 12cv1122
                                             **ELECTRONICALLY FILED**

        v.

ALLEGHENY COUNTY, ALLEGHENY
COUNTY DISTRICT ATTORNEY'S
OFFICE,

    Defendants.

**MEMORANDUM ORDER**

Before the Court is Defendants' Renewed Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute pursuant to Fed. R. Civ. P. 41(b) and Brief in support of same. ECF 75, ECF 76. Plaintiff has filed his Response and Brief in Opposition to same making the matter ripe for adjudication. ECF 78, ECF 79.

**I. Factual and Procedural Case History**

The civil action began with Plaintiff filing a Complaint against two Defendants, Allegheny County and the Allegheny County DA's Office. ECF 1. Per Plaintiff's Complaint, Plaintiff was hired on August 15, 2005, as a Detective for the DA's Office Investigative Unit. On February 18, 2011, Plaintiff was terminated from his employment. Id. As a result of his termination, Plaintiff filed a Complaint alleging federal and state claims. Id. As to the federal claims, Plaintiff raised: (1) a § 1983 age discrimination claim, (2) a § 1983 retaliation claim, and (3) an age discrimination claim under the ADEA. Id.

Defendants filed separate Motions to Dismiss Plaintiff's Complaint. ECF 5, ECF 7. This Court granted those Motions without prejudice, thereby enabling Plaintiff to amend his

Complaint.  ECF 14.  Next, Plaintiff filed an Amended Complaint against the same two Defendants, adding additional factual information and raising the same federal claims as pled in his original Complaint.  ECF 15.  Defendants, once again, filed separate Motions to Dismiss the Plaintiff's Amended Complaint.  The Court, in granting these Motions, dismissed Plaintiff's federal claims against the Defendants with prejudice, but Plaintiff's state-based claims were dismissed without prejudice thereby enabling Plaintiff to re-raise those claims in state court.  ECF 25.

Plaintiff appealed this Court's decision to the United States Court of Appeals for the Third Circuit.  ECF 26.  The Court of Appeals, in its June 27, 2014 Opinion, affirmed this Court's decision to dismiss the § 1983 age discrimination claim and the § 1983 retaliation claim against both Defendants.  ECF 28, ECF 40-2.  In addition, the Court of Appeals found that this Court properly dismissed Plaintiff's ADEA claim against Defendant Allegheny County.  Id.  However, the Court of Appeals vacated this Court's dismissal of Defendant DA's Office with respect to the ADEA claim, and remanded this singular issue back to this Court for further consideration.  Id.   Thus, the only remaining claim was an ADEA claim against the sole remaining Defendant – the Allegheny County DA's Office.

The Mandate from the United States Court of Appeals for the Third Circuit was filed on the docket on February 24, 2015.  Doc. no. 40.  From the date of filing of the Mandate (February 24, 2015), until February 27, 2018, this case remained completely idle.  In that three-year time span, neither Party filed anything on the docket.

On February 27, 2018, just over three years after the Court of Appeals issued its Mandate in this matter, the Allegheny County DA's Office filed a Motion to Dismiss Plaintiff's Amended for Lack of Prosecution.  ECF 41.  Ultimately, this Court granted the DA's Motion to Dismiss

for lack of prosecution after applying the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).  ECF 56, ECF 57.

Again, Plaintiff appealed this Court's decision to dismiss his Amended Complaint to the Court of Appeals for the Third Circuit.  ECF 58.  In May of 2019, the Court of Appeals vacated this Court's Order of Dismissal and remanded this matter back to this Court to rule in accordance with its Opinion.[1]

On remand, Defendant filed a Renewed Motion to Dismiss for Lack of Prosecution. ECF 75.

**II. Standard of Review**

Federal Rule of Civil Procedure 41 reads in pertinent part:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

---

[1] In its Opinion, the Court of Appeals worked through each of the six *Poulis* factors and held:  As to factor 1, this Court incorrectly ascribed responsibility to the Plaintiff without "record evidence supporting the notion that [Plaintiff] was personally responsible for the delay" and thus, should not have weighed the first factor in favor of dismissal.  As to factor 2, this Court correctly found that Ealing's death during the delay caused prejudice to the Defendant weighing in favor of dismissal "but it is not dispositive of the appropriateness of imposing the harshest sanction available."  As to factor 3, this Court was deemed to have exercised proper discretion in determining that a three-plus year hiatus in the litigation weighed in favor of dismissal, but because Plaintiff was not delinquent any other time, his otherwise timely record should have served "to mitigate the weight [this Court] placed in favor of dismissal."  As to factor 4, this Court had correctly determined that Plaintiff did not delay willfully or in bad faith, but because the sanction of dismissal is "to deter bad faith or self-serving behavior" this factor should have weighed against dismissal.  As to factor 5, this Court should have considered and discussed alternative sanctions more thoroughly prior to dismissing the matter.  As to factor 6, in addressing the meritoriousness of Plaintiff's ADEA claim, the Court of Appeals held that Plaintiff had alleged "sufficient facts to plausibly state an ADEA claim[.]" *Hildebrand v. Alleg. Co., et al.*, 923 F3d 128 (3rd Cir. 2018).

3

Fed. R. Civ. P. 41(b).

In *Poulis,* the United States Court of Appeals for the Third Circuit held that a district court must consider six factors before it may dismiss a case as a sanction before trial on the merits. The factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.2d at 868 (emphasis removed).

### III. Discussion

Defendant's current Renewed Motion to Dismiss makes the same legal arguments it advanced in 2018. This time, however, Defendant supplies more evidence in support of its legal arguments with respect to the first *Poulis* factor. This is due the Court granting the Defendant's request to obtain limited discovery into the following questions:

> (a) [T]o what extent [Plaintiff] was responsible for the delay and what extent his attorney was responsible for the delay; (b) what sanctions short of dismissal [Plaintiff] believe would ameliorate the prejudice that the delay and Ealing's death caused to the DA's Office; (c) the evidence that [Plaintiff] asserts, through inclusion or preclusion, will ameliorate the prejudice to the DA's office; and, (d) the factual and evidentiary basis for the conclusion that a particular sanction or sanctions would be effective toward adequately mitigating the prejudice.

ECF 66.

Defendant's Renewed Motion attached the deposition transcript of Plaintiff (ECF 75-2 through ECF 75-10), as well as a chart created by Defendant's counsel wherein the Complaint's averments are set forth in one column, and Plaintiff's deposition testimony supporting or

explaining that particular averment is summarized in another column next to the averment. ECF 75-11 through ECF 75-13.

In its Renewed Motion, Defendant argues that the deposition testimony (and the chart that categorizes that testimony) proves that Plaintiff himself was largely responsible for the 3-plus year delay in prosecuting his claim (which would bolster Defendant's previous position as to factor 1). Assuming, arguendo, that evidence supports the conclusion that Plaintiff was largely responsible for the lengthy, 3-year delay, his intent was lacking and that the delay was caused by "administrative confusion as much as anything else." *Hildebrand* 923 F.3d at 137. The Court of Appeals held that although this Court had correctly determined that Plaintiff did not delay willfully or in bad faith, this factor (factor 4) should have weighed more heavily against dismissing the case. As the Court of Appeals explained, because the sanction of dismissal is "to deter bad faith or self-serving behavior," this factor should have weighed against dismissal. *Id.*

Defendant also contends that the deposition testimony proves that there is no remedy other than a dismissal of Plaintiff's case which could adequately ameliorate the prejudice to the Defendant (which would support Defendant's previous argument with respect to factor 2). However, as this Court noted in its prior Opinion, the loss of Ealing not only affects Defendant, but it also adversely impacts Plaintiff's ability to prove his own case. The prejudice to both parties is substantial.

Moreover, Defendant does not squarely address some of the other factors. For example, as to factor 5, the Defendant offers no other alternative sanctions this Court could consider and neither does Plaintiff. More troubling for Defendant is factor 6, given that the Court of Appeals' Opinion clearly states that Plaintiff has asserted enough facts to set forth a plausible ADEA claim.

Finally, when this Court weighs the factors under the guidance and direction of the Court of Appeals Opinion, the factors collectively weigh against dismissal. For all of these reasons the Court will DENY Defendant's Renewed Motion to Dismiss for Failure to Prosecute ([ECF 75](ECF 75)).

Based on the foregoing, Defendant's Renewed Motion to Dismiss for Failure to Prosecute ([ECF 75](ECF 75)) is DENIED.

SO ORDERED this 19th day of February, 2020.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record